IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,789-02






EX PARTE ANIBAL CANALES








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 99-F-506-5 IN THE 5
TH DISTRICT COURT


BOWIE COUNTY





 Per Curiam. 



O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071 § 5.

 In November 2000, a jury convicted applicant of the offense of capital murder. The jury
answered the special issues submitted pursuant to Code of Criminal Procedure article 37.071,
and the trial court, accordingly, set punishment at death. This Court affirmed applicant's
conviction and sentence on direct appeal. Canales v. State, 98 S.W.3d 690 (Tex. Crim. App.
2003). The Court denied applicant's initial post-conviction application for writ of habeas
corpus. Ex parte Canales, No. WR-54,789-01 (Tex. Crim. App. March 12, 2003)(not
designated for publication). 

 On June 29, 2007, this Court received the instant post-conviction application for writ
of habeas corpus in which applicant has raised thirteen allegations. In one allegation, applicant
claims that his trial counsel wholly failed to discharge their constitutional duty to him when
they conducted no investigation into applicant's life and, therefore, failed to uncover powerful
mitigating evidence. Applicant then sets out what evidence counsel should have uncovered had
they properly investigated. Applicant asserts that Wiggins v. Smith, 539 U.S.510, 527 (2003),
provides a new legal basis for the claim and, thus, the claim should not be barred by Article
11.071 § 5. However, before determining whether any of the allegations meet the
requirements of Article 11.071 § 5, this Court has determined that both parties should brief
the following issues:

 (1) Is Wiggins v. Smith, 539 U.S.510, 527 (2003), new law or such an
extension of old law that this Court should hold that it meets the dictates of
Article 11.071 § 5?


 (2) If Wiggins is new law or such an extension of old law that it should meet the
dictates of Article 11.071 § 5, under what standard should a court judge the
effectiveness of counsel's actions undertaken before the decision in Wiggins
was announced?


Briefs from both applicant and the State are due in this Court within 60 days of the date of this
order. No motions for extension of time to file will be entertained.

 IT IS SO ORDERED THIS THE 17TH DAY OF OCTOBER, 2007.

Do Not Publish